UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re: Case No. 10-13436-BKC-EPK

JAY STEVEN LEVIN, Chapter 7

Debtor.
______________________________/

GREG AND LUCIANA DREWES, Adv. Pro. ________________

Plaintiffs,

v.

JAY STEVEN LEVIN,

Defendant.
______________________________/

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

Greg and Luciana Drewes (the "Plaintiffs"), by and through undersigned counsel, file this Complaint against defendant, Jay Steven Levin, ("Defendant"), and allege as follows:

**JURISDICTION AND VENUE**

1. This adversary proceeding is brought in connection with the Defendant's above-referenced Chapter 7 bankruptcy case filed under Title 11, now pending in this Court.

2. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334.

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

4. This is an adversary proceeding to determine the dischargeability of a debt pursuant to 11 U.S.C. §523(a)(6).

5. This adversary proceeding is a core proceeding under 28 U.S.C. §157(b).

## BACKGROUND AND GENERAL ALLEGATIONS

6. On October 25, 2003, the Plaintiffs' son, Mark Andrew Drewes (the "Deceased"), playing a game of "ding-dong-ditch", entered upon the property located at 6115 Woodbury Road in Boca Raton, Florida, where the Defendant resided.

7. Upon hearing a noise in the vicinity, the Defendant approached his door, armed with a .40 caliber handgun, opened the door, and fired one shot into the back of the fleeing Deceased.

8. By way of additional background, at a plea conference on October 21, 2004, the Assistant State Attorney provided the following facts that gave rise to the charge against the Defendant:[1]

> Judge, the State would show the jury that has been selected, that shortly after midnight on October 25, 2003, a week before Halloween in 2003, the defendant was awoken during the course of the night hearing noises in his house. The defendant, without taking any precautions to find out what those noises encompassed, did load his firearm, unlock his gun case, unlock his trigger lock, load his firearm with a clip, rack one round in the chamber, at which time the defendant went to the door, failing to take precautions that an ordinary prudent person would take and then opened up the door. At that point, there was a young man, Mark Drewes, who was playing a prank, knocking on Mr. Levin's door or actually tying a fishing line to the door. The young man was surprised, returned to run because it was not his intent to confront -- Ding Dong Ditch, as it is called, the intention is to run away. Mark Drewes ran away. The defendant fired his

---

1 The State of Florida initiated a criminal action against the Defendant, *State of Florida v. Levin*, Case No. 03CF013178A02, in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. The Defendant entered into a plea agreement with the State of Florida and plead guilty to first degree manslaughter with a firearm.

> firearm, striking Mark Drewes in the back. Mark Drewes did die from the gunshot wound.

(Plea Conference Tr. 17-19). A true and correct copy of the relevant portion of the transcript from the plea conference is attached hereto as **Exhibit "A"**.

9. On October 26, 2004, the Plaintiffs, individually and as co-personal representatives of the estate of Deceased, filed an amended complaint alleging, *inter alia*, that the Defendant deliberately, wantonly, recklessly, and with a specific intent to harm, shot the Deceased, inflicting wounds that ultimately caused his death ("Amended Complaint"). *See Drewes v. Levin,* Case No. 2003 CA 01-2339 XXNAG, filed in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida (the "State Court Action"). A true and correct copy of the Amended Complaint setting out the Plaintiffs' claims is attached hereto as **Exhibit "B"** and the allegations therein are incorporated by reference.

10. On March 1, 2007, the jury returned a verdict finding, *inter alia*, that the Defendant did commit a battery against the Deceased and did not justifiably use deadly force in self-defense, and awarding Luciana Drewes $375,000.00 and Gregory Drewes $375,000.00 for the mental pain and suffering as a result of the injury to and death of the Deceased (the "Verdict"). A true and correct copy of the Verdict is attached hereto as **Exhibit "C"** and incorporated by reference.

11. On March 20, 2007, pursuant to the Verdict, a final judgment was entered in favor of the Plaintiffs and against the Defendant in the amount of $750,000.00 (the "Final Judgment"). The Final Judgment stated that the Defendant's battery was not a justifiable use of deadly force

in self-defense. A true and correct copy of the Final Judgment is attached hereto as **Exhibit "D"**.

12. The Final Judgment, liquidating the Defendant's indebtedness to the Plaintiffs' on the claims, has been entered by the Palm Beach County Circuit Court.

13. The Defendant has not satisfied the Final Judgment in any respect. Accordingly, the Defendant remains indebted to the Plaintiffs in an amount of $750,000.00 plus interest thereon at the rate of 11.00% per annum from March 20, 2007 until paid (generally, the "Debt").

14. All conditions precedent to this action have been performed, have occurred or have been waived.

15. The Plaintiffs have engaged the undersigned attorneys and have agreed to pay them a reasonable fee for their services.

16. As of the filing of this Adversary Complaint, the Debt remains unpaid.

**COUNT I - NONDISCHARGEABILITY OF DEBT**
**UNDER 11 U.S.C. § 523(a)(6)**

17. The Plaintiffs reallege and readopt the allegations set forth in paragraphs 1 through 16 as fully set forth herein.

18. Section 523(a)(6) of the Bankruptcy Code directs that a discharge under Section 727 of the Bankruptcy Code does not discharge an individual debtor from any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6).

19. The Debt is based upon a willful and malicious battery inflicted upon the Deceased, and the pain and suffering of the Plaintiffs.

20. Therefore, the Debt is non-dischargeable pursuant to 11 U.S.C. §523(a)(6).

**WHEREFORE**, the Plaintiffs, Greg and Luciana Drewes, demand the entry of a judgment in their favor finding and determining that the Final Judgment and the Debt owed by the Defendant, Jay Steven Levin, to them is non-dischargeable and for such other and further relief the Court deems just and proper, including reasonable costs and attorneys fees to the fullest extent allowed by law.

**ATTORNEY CERTIFICATION**

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Respectfully Submitted,

SHRAIBERG, FERRARA & LANDAU, P.A.
Attorney for the Plaintiffs
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431
Telephone: 561-443-0800
Facsimile: 561-998-0047
Email: plandau@sfl-pa.com
Email: blee@sfl-pa.com

By: /s/ Philip J. Landau
Philip J. Landau, Esq.
Fla. Bar. No. 0504017
Bernice C. Lee, Esq.
Florida Bar No. 0073535

# EXHIBIT A

THE COURT: All right, I need you to listen carefully to the Assistant State Attorney who is going to tell us the facts that gave rise to this charge against you; you could be seated for now.

MR. JOHNSON: Judge, I do want to make mention that the victim's family is here. They have been consulted. They are in agreement with the resolution, although their feelings are mixed as to the actual conditions, but they are in agreement with what we are doing here.

THE COURT: All right, do they wish to be heard?

MR. JOHNSON: I will let you know that, Judge. They are still contemplating whether they want to speak or not.

THE COURT: All righty.

MR. JOHNSON: Judge, the State would show to the jury that has been selected, that shortly after midnight on October 25, 2003, a week before Halloween in 2003, the defendant was awoken during the course of the night hearing noises in his house. The defendant, without taking any precautions

to find out what those noises encompassed, did load his firearm, unlock his gun case, unlock his trigger lock, load his firearm with a clip, rack one round in the chamber, at which time the defendant went to the door, failing to take precautions that an ordinary prudent person would take and then opened up the door. At that point, there was a young man, Mark Drewes, who was playing a prank, knocking on Mr. Levin's door or actually tying a fishing line to the door. The young man was surprised, turned to run because it was not his intent to confront -- Ding Dong Ditch, as it is called, the intention is to run away. Mark Drewes ran away. The defendant fired his firearm, striking Mark Drewes in the back. Mark Drewes did die from the gunshot wound.

The defendant, the State would prove, he was not acting in necessary self-defense and he was acting with culpable negligence by not taking the ordinary precaution that a person takes when identifying a deadly instrumentality such as named in the manner he used it.

THE COURT: Mr. Levin, listen to my question carefully. Do you agree that if a jury were to hear the facts just presented by the State, that based on those facts, a jury could find you guilty of manslaughter with a firearm?

THE DEFENDANT: Yes, I do.

THE COURT: And are you pleading guilty here today to that charge in accordance with the terms of the agreement that you have reached here today?

THE DEFENDANT: Yes.

THE COURT: All right, did you have an opportunity to carefully discuss the facts of your case and the details of this agreement with your attorneys?

THE DEFENDANT: Yes, sir.

THE COURT: Did your attorney answer all of your questions?

THE DEFENDANT: Yes, they did.

THE COURT: Did you understand everything that you discussed with your lawyers?

THE DEFENDANT: Yes, sir.

THE COURT: Are you satisfied with

# EXHIBIT B

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT, IN AND FOR PALM BEACH COUNTY, FLORIDA

EB

CASE NO. 2003 CA 012339-ON AG

GREGORY DREWES and LUCIANA DREWES, individually and as Co-Personal Representatives of the Estate of MARK ANDREW DREWES, Deceased,

Plaintiffs,

vs.

JAY STEVEN LEVIN,

Defendant.

_______________________________________/

04 OCT 26 PM 3:24

## AMENDED COMPLAINT

COME NOW the Plaintiffs, GREGORY DREWES and LUCIANA DREWES, individually and as Co-Personal Representatives of the Estate of MARK ANDREW DREWES, Deceased, by and through their undersigned counsel, sue the Defendant, JAY STEVEN LEVIN, and allege:

1. This action arises out of the tragic shooting death of teenager, MARK ANDREW DREWES, on October 25, 2003, in Boca Raton, Florida. This tragedy occurred because the Defendant, JAY STEVEN LEVIN, upon hearing a noise on his front door at 12:30 a.m., came to the door armed with a loaded .40 caliber handgun. The Defendant then opened the door, and without making any inquiry or investigation fired one shot into the back of the then unidentified, unarmed, fleeing teenager, MARK ANDREW DREWES, resulting in his death.

2. This is an action for damages in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00), exclusive of interest, attorney's fees and costs.

## VENUE

3. Venue is proper in Palm Beach County, Florida.

17

**PARTIES**

4. Plaintiffs, GREGORY DREWES and LUCIANA DREWES, are husband and wife and residents of Boca Raton, Palm Beach County, Florida. MARK ANDREW DREWES, age 16 at the time of his death, was the natural and only child of GREGORY DREWES and LUCIANA DREWES. The family resided together at their home in Boca Raton, Florida, at the time of MARK DREWES' death, on October 25, 2003.

5. GREGORY DREWES and LUCIANA DREWES are the Co-Personal Representatives of the Estate of MARK ANDREW DREWES.

6. The Defendant, JAY STEVEN LEVIN, at all times material hereto, was a resident of Boca Raton, Palm Beach County, Florida.

7. At all times material hereto, the Defendant, JAY STEVEN LEVIN, owned the property located at 6115 Woodbury Road in Boca Raton, Florida.

**THE SHOOTING**

8. On or about 12:30 a.m. on October 25, 2003, while playing a harmless teenage game of "ding-dong-ditch" the deceased, MARK ANDREW DREWES, entered upon the entry walkway of the property located at 6115 Woodbury Road in Boca Raton, Florida.

9. At that same time and place, the Defendant, JAY STEVEN LEVIN, upon hearing a noise in the vicinity of his front door came to the door armed with a .40 caliber handgun loaded with a type of bullets that contain many small metal pellets that explode outward on contact causing maximum damage to a wounded victim.

10. Upon opening the front door and looking onto the lighted porch, the Defendant, JAY LEVIN, without giving any verbal warning and without making any inquiry or investigation, fired one

shot into the back of the fleeing teenager, MARK ANDREW DREWES, killing him.

## COUNT 1

## LIABILITY AS TO THE DEFENDANT, JAY STEVEN LEVIN

Plaintiffs re-adopt and re-allege paragraphs 1 through 10 as if fully set forth herein and further allege:

11. Defendant, JAY STEVEN LEVIN, deliberately, wantonly, recklessly, and with a specific intent to harm, shot MARK ANDREW DREWES, inflicting wounds that ultimately caused his death.

12. As a direct and proximate result of the deliberate and wanton act of Defendant, JAY LEVIN, MARK DREWES suffered bodily injury and resulting pain and suffering that caused his death.

13. As a direct and proximate result of MARK ANDREW DREWES' death, the Plaintiffs, GREGORY DREWES, his father, and LUCIANA DREWES, his mother, have suffered severe mental distress, severe mental pain, anguish, and emotional distress and will continue to experience this mental pain and suffering on into the future.

14. As a further direct and proximate result of the death of MARK ANDREW DREWES, GREGORY DREWES and LUCIANA DREWES lost the services of their son, MARK DREWES, until his majority.

15. As a further direct and proximate result the Estate of MARK ANDREW DREWES incurred medical expenses, funeral bills and other similar expenses directly and proximately related to the death of MARK DREWES.

WHEREFORE, the Plaintiffs, GREGORY DREWES and LUCIANA DREWES, individually, and as Co-Personal Representatives of the Estate of MARK ANDREW DREWES, deceased, demand judgment against the Defendant, JAY STEVEN LEVIN, for compensatory damages, punitive damages (following fulfillment of all conditions precedent required by Fla. Stat. Sect. 768.72), costs of this action, and demands trial by jury on all issues so triable by right.

**COUNT II - PUNITIVE DAMAGES**

Plaintiffs re-adopt and re-allege paragraphs 1 through 10 as if fully set forth herein and further allege:

16. At all times herein, the Defendant, JAY STEVEN LEVIN, deliberately, wantonly, recklessly, and with a specific intent to harm, shot MARK ANDREW DREWES, inflicting wounds that ultimately caused his death.

17. As a direct and proximate result of the deliberate and wanton act of Defendant, JAY LEVIN MARK, MARK ANDREW DREWES, suffered bodily injury and resulting pain and suffering that caused his death.

WHEREFORE, Plaintiffs, GREGORY DREWES and LUCIANA DREWES, Individually and as Co-Personal Representatives of the Estate of MARK ANDREW DREWES, Deceased, demand punitive damages and costs of this action against the Defendant, JAY STEVEN LEVIN, and further demand trial by jury and for such other and further relief as this Court deems just and proper.

I HEREBY CERTIFY that a true copy of the foregoing has been furnished to DANIEL M. BACHI, ESQ., of Sellars, Marion & Bachi, P.A., 811 North Olive Avenue, P. O. Box 3767, West Palm Beach, FL 33401, by **U.S. Mail and by certified** mail, this 26th day of October, 2004.

John T. McGovern 0385130

ROBERT M. MONTGOMERY, JR.
Florida Bar No.: 056153
MONTGOMERY & LARSON, LLP
1016 Clearwater Place
West Palm Beach, FL 33401
Telephone: 561-832-2880
Attorneys for Plaintiffs

# EXHIBIT C

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT, IN AND FOR
PALM BEACH COUNTY, FLORIDA

CASE NO. 2003 CA 012339- AG

GREGORY DREWES and LUCIANA
DREWES, Co-Personal Representatives
of the Estate of MARK ANDREW DREWES,
Deceased,

Plaintiffs,

vs.

JAY STEVEN LEVIN,

Defendant.

_______________________________________/

FILED
NOV 12, 20 07
SHARON R. BOCK
CLERK & COMPTROLLER
BY [signature]
DEPUTY CLERK

# VERDICT

**We, the jury, return the following verdict:**

1. On October 25, 2003, did Defendant, JAY LEVIN, commit a battery against MARK DREWES?

YES __X__ NO ______

If your answer to Question #1 is "No," your verdict is for the Defendant and against the Plaintiffs. You should not proceed further except to date and sign this verdict form and return it to the courtroom. If your answer to Question #1 is "Yes," please proceed and answer Question #2.

2. On October 25, 2003, was the force used by Defendant, JAY LEVIN, against MARK DREWES a justifiable use of deadly force in self defense?

YES ________ NO X________

If your answer to Question #2 is "Yes," then your verdict is for the Defendant and against the Plaintiffs. You should not proceed further except to date and sign this verdict form and return it to the courtroom.

If your answer to Question #1 is "Yes" AND your answer to Question #2 is "No," then your verdict is for the Plaintiffs and against Defendant. Please proceed to answer Question #3.

3. What is the amount of any damages sustained by LUCIANA DREWES for mental pain and suffering as a result of the injury to and death of MARK DREWES?

$ 375,000.00

Please proceed and answer Question #4.

4. What is the amount of any damages sustained by GREGORY DREWES for mental pain and suffering as a result of the injury to and death of MARK DREWES?

$ 375,000.00

Please proceed and answer Question #5.

5. Under the circumstances of this case, do you find by clear and convincing evidence that punitive damages are warranted against Defendant, JAY LEVIN?

YES ________ NO X

SO SAY WE ALL this 1st day of ~~February~~ March, 2007.

[signature]
Signature of Foreperson

Britney Bascetta
Print Name of Foreperson

# EXHIBIT D

CFN 20070160279
OR BK 21561 PG 1640
RECORDED 04/03/2007 13:57:08
Palm Beach County, Florida
Sharon R. Bock, CLERK & COMPTROLLER
Pgs 1640 - 1641; (2pgs)

FILE NUM 20070149804 OR BOOK/PAGE 21560/1884 DATE: 03/28/2007 11:28:50 Pgs 1884 - 1885; (2pgs)
Sharon R. Bock, CLERK & COMPTROLLER

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT, IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO. 2003 CA 01-2339 XXONAG

GREGORY DREWES and
LUCIANA DREWES, as Co-Personal
Representatives of the Estate of
MARK ANDREW DREWES, Deceased,

Plaintiffs,

vs.

JAY STEVEN LEVIN,

Defendant.

---

## FINAL JUDGMENT

Pursuant to the jury verdict rendered in this action,

IT IS ORDERED AND ADJUDGED that the Plaintiffs, GREGORY DREWES and LUCIANA DREWES, as Co-Personal Representatives of the Estate of MARK ANDREW DREWES, Deceased, 6281 Woodbury Road, Boca Raton, FL, 33433, following the jury verdict in their favor finding that Defendant, JAY STEVEN LEVIN, committed a battery, that was not a justifiable use of deadly force in self defense, against Mark Drewes, deceased, recover from the Defendant, JAY STEVEN LEVIN, SSN: 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; P.O. Box 272706, Boca Raton, FL, 33427, 18068 103rd Trail South, Boca Raton, FL 33498, the total sum of SEVEN HUNDRED FIFTY THOUSAND DOLLARS AND NO/100 ($750,000.00), representing the jury's individual award of THREE HUNDRED SEVENTY-FIVE THOUSAND DOLLARS AND NO/100 ($375,000.00) for the mental pain and suffering of Mark Drewes' surviving parent, LUCIANA DREWES, and THREE HUNDRED SEVENTY

RE: Drewes v. Levin
Case No. 2003 CA 11042-AB
Page 2

FIVE THOUSAND DOLLARS AND NO/100 ($375,000.00) for the mental pain and suffering of Mark Drewes' surviving parent, GREGORY DREWES, that shall bear interest pursuant to the statutory rate for the calendar year 2007, 11% per annum, for which let execution issue.

IT IS FURTHER ORDERED AND ADJUDGED that this Court reserves jurisdiction to determine taxable costs, if any, to be awarded to the Plaintiffs, as prevailing party.

IT IS FURTHER ORDERED AND ADJUDGED that Defendant, JAY STEVEN LEVIN, shall complete under oath Florida Rule of Civil Procedure Form 1.977, Fact Information Sheet, and serve it upon Plaintiffs' counsel within forty-five (45) days of the date of this Judgment and file a Notice of Compliance with the Clerk of this Court as required by Florida Rule of Civil Procedure 1.560.

DONE AND ORDERED at West Palm Beach, Palm Beach County, Florida this 20 day of March, 2007.

Honorable JOHN HOY, Circuit Judge

Copies Furnished to:

Robert M. Montgomery, Jr., Esq., John T. McGovern, Esq. - ROBERT M. MONTGOMERY, JR. & ASSOCIATES, P.L., P.O. Drawer 3086, West Palm Beach, FL 33402-3086

Daniel M. Bachi, Esq., Steven Clarfield, Esq. - SELLARS, MARION & BACHI, P.A., 811 N. Olive Avenue, West Palm Beach, FL 33401

Book21560/Page1885 Page 2 of 2

I hereby certify that the foregoing is a true copy of the record in my office this day, Apr 03, 2007.
Sharon R. Bock, Clerk Circuit Court, Palm Beach County, Florida
BY ____________ Deputy Clerk

STATE OF FLORIDA • PALM BEACH COUNTY
I hereby certify that the the foregoing is a true copy of the record in my office.
THIS ___ DAY OF ___ 20__
SHARON R. BOCK
CLERK & COMPTROLLER
By ____________
DEPUTY CLERK